**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000537**
**22-AUG-2024**
**08:54 AM**
**Dkt. 62 SO**

NO. CAAP-20-0000537

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KADE KURITA, Plaintiff-Appellee,
and
ANITA MATO, Plaintiff-Apellant,
v.
TYLER R. KURITA AND JEANNE KURITA,
Defendants-Appellees,
and
JOHN DOE DEFENDANTS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC181000724)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, and Wadsworth, J.,
and Guidry, J., dissenting)

Plaintiff-Appellant Anita Mato (**Anita**) appeals from the "Amended Final Judgment" (**Amended Judgment**), entered in favor of Defendants-Appellees Tyler R. Kurita (**Tyler**) and Jeanne Kurita (**Jeanne**) on March 12, 2021, in the Circuit Court of the First Circuit (**Circuit Court**).[1]  Anita also challenges the Circuit Court's May 29, 2020 "Order Granting in Part and Denying in Part . . . [Tyler's] Motion for Summary Judgment To Entirely Dismiss Plaintiffs' First Amended Complaint Filed on August 27, 2018[,]

---

[1]     The Honorable John M. Tonaki presided.  Anita's notice of appeal, filed on August 30, 2020, appealed from the "Final Judgment" entered on August 12, 2020.  On temporary remand from this court, the Circuit Court entered the Amended Judgment, which is final and appealable pursuant to Hawaiʻi Rules of Civil Procedure Rule 58.  We construe Anita's appeal as an appeal from the Amended Judgment.  See Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2).

Filed on January 17, 2020."

Anita and her son Kade Kurita (**Kade**) filed suit against Tyler, alleging fraud and misuse of funds in connection with trust accounts established for the benefit of Kade and his sister Kyra Kurita (**Kyra**, and together, the **Children**).[2/] Kade and Kyra were the adult children of Anita and Tyler. Kyra was not a party to the lawsuit. Tyler filed a motion for summary judgment on June 27, 2019 (**First MSJ**), which was heard and orally denied by the Circuit Court on August 28, 2019.[3/] Kade died in October 2019. Tyler filed a second motion for summary judgment on January 17, 2020 (**Second MSJ**), which the Circuit Court granted as to Anita's claims and denied as to Kade's claims.[4/]

Anita raises a single point of error on appeal, contending that the Circuit Court erred in granting summary judgment against her on the basis that she lacks standing to pursue the claims asserted in the First Amended Complaint. We review the Circuit Court's grant of summary judgment, including the issue of standing, de novo. See Tax Foundation of Haw. v. State, 144 Hawaiʻi 175, 185, 439 P.3d 127, 138 (2019). "In general, standing is a prudential concern regarding whether the party seeking a forum has alleged a sufficient personal stake in the outcome of a controversy as to justify the exercise of the court's remedial powers on the party's behalf." Id. at 188, 439 P.3d at 140.

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Anita's point of error as follows.

Anita contends that she has standing to assert her "personal claims" for fraud against Tyler, and that she also should be permitted to assert the claims of Kade and Kyra,

---

[2/] Tyler's mother, Jeanne Kurita, was also named as a defendant, but was dismissed with prejudice by stipulation of the parties in August 2019.

[3/] The Honorable James S. Kawashima presided.

[4/] The Circuit Court declined to dismiss Kade's claims in order to allow for a substitution of party pursuant to Hawaiʻi Rules of Civil Procedure Rule 25. The parties subsequently stipulated to dismiss Kade's claims without prejudice. Kade's claims are not at issue in this appeal.

notwithstanding Kade's death, "as the representative of her children."

A claim for fraud,

> as for other torts, requires proof of duty, breach of duty, causation, and damages. Specifically, to establish a fraud claim based on a failure to disclose a material fact, there must be (1) a representation of a material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) *upon which the other party relies and acts to his or her damage.*

Exotics Hawaii-Kona, Inc. v. E.I. DuPont De Nemours & Co., 116 Hawaiʻi 277, 298, 172 P.3d 1021, 1042 (2007) (citations omitted; format altered) (quoting Matsuura v. E.I. du Pont de Nemours and Co., 102 Hawaiʻi 149, 162, 73 P.3d 687, 700 (2003)).

Here, Anita asserted fraud-based claims on her own behalf, as well as on behalf of the Children – claims that are related in part to a prior paternity matter involving the Children. In 2000, Anita and Tyler separated, and the family court entered a judgment, in which Tyler was ordered to pay $1,500 per child each month in child support. It appears that in 2001, Tyler filed a request in the family court seeking a reduction in his child support obligations, based on his representations that his income had decreased and that he had "recently deposited $320,000.00 into irrevocable trusts for his two children." Prior to filing the request, Tyler opened a trust account, "The Children of Kurita Trust" (the **Trust**), that named his "children bearing the surname 'Kurita'" as beneficiaries. (Capitalization altered.) It appears that Tyler's request was granted and his obligation was reduced from $1,500 to $450 per child by the family court.

In opposing the Second MSJ, Anita submitted her own declaration and attached exhibits supporting the claims in the First Amended Complaint. She alleged that in August 2001, Tyler represented to her that he had placed over $320,000 into an irrevocable trust for the benefit of Kade and Kyra, and based on Tyler's representations, Anita agreed to the reduction in child support that Tyler was requesting and the family court later ordered. Anita further alleged that after Tyler deposited

3

$320,000 into the trust account, he wrongfully withdrew and appropriated the funds. Anita asserted that she did not learn of the alleged fraud until May 2018, after Kade and Kyra had reached adulthood and needed funds for college. She further asserted that she and the Children suffered damages as a result of Tyler's fraud.

We conclude that Anita raised at least a genuine issue of material fact that she suffered a legally cognizable injury sufficient for standing to bring her fraud-based claims on her own behalf against Tyler. Tyler argues that because Anita was not a beneficiary of the Trust and would not be able to prove that she suffered damages individually, she lacks standing to bring the asserted claims. Anita asserted in her declaration, however, that she agreed to the reduction in child support based on Tyler's representations about the Trust, would have asked for more child support had those representations not been made, and as a result, had to "scrimp and save to provide for the [C]hildren for years." Based on the calculations in her declaration, Anita maintains that her reliance on Tyler's representations "cost her thousands of dollars over the years." Anita thus presented sufficient evidence at the summary judgment stage to support her standing to raise claims on her own behalf, regardless of whether she is ultimately able to prove her damages by clear and convincing evidence. The Circuit Court erred in concluding otherwise.

We reject, however, Anita's contention that she should be permitted to assert the claims of Kade and Kyra, as their representative, under a third-party standing theory. Litigants have a right to bring actions on behalf of third-parties if the following "three important criteria" are met:

> (1) the litigant has suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute, (2) the litigant has a close relationship to the third party, and (3) there is some hindrance to the third party's ability to protect his or her own interests.

In re AS, 130 Hawaiʻi 486, 513, 312 P.3d 1193, 1220 (App. 2013) (citing Powers v. Ohio, 499 U.S. 400, 411 (1991)).

Here, Anita did not establish that "there is some hindrance" to Kade and Kyra's "ability to protect [their] own interests." Id. Although Kade is deceased, his claims were dismissed without prejudice, and Anita did not show that the legal representative of his estate is not able to protect its interests, or that she is the legal representative of his estate. See HRS § 663-7; supra note 4. Similarly, Anita did not show that Kyra is unable to protect her own interests. On this record, Anita did not raise a genuine issue of material fact so as to meet the test for third-party standing.[5]

Finally, Anita contends that under the law-of-the-case doctrine, Judge Kawashima's denial of the First MSJ "should not have been disturbed." Anita argues that the Second MSJ repeated the standing argument already made in the First MSJ, which Judge Kawashima had rejected.

In ruling on the Second MSJ, the Circuit Court considered Judge Kawashima's prior ruling and found that Kade's death constituted a material change in circumstance – i.e., a "cogent reason" or exceptional circumstance that warranted revisiting Judge Kawashima's denial of the First MSJ. See Title Guaranty Escrow Servs., Inc. v. Wailea Resort Co., 146 Hawai'i 34, 45, 456 P.3d 107, 118 (2019). The record further reflects that Judge Kawashima's prior oral ruling was not reduced to a written order, and the transcript of the August 28, 2019 hearing, at which Judge Kawashima announced that oral ruling, is not part of the record. The available circuit court minutes of that hearing provide only that "[the] Court denied Defendants Tyler Kurita's and Jeanne Kurita's Motion for Summary Judgment," and do not explain the rationale underlying Judge Kawashima's ruling. On this record, we cannot conclude that the Circuit Court abused its discretion in determining that the law of the case doctrine

---

[5] Anita also argues that she should be able to enforce Tyler's assurances regarding the funding of the Trust under the Restatement (Second) of Contracts § 305. That section provides: "Where specific performance is otherwise an appropriate remedy, either the promisee or the beneficiary may maintain a suit for specific enforcement of a duty owed to an intended beneficiary." However, the First Amended Complaint did not seek specific performance of such a duty, and Anita's declaration described a claim for fraud-based damages.

did not preclude it from revisiting Judge Kawashima's denial of the First MSJ.

For the reasons discussed above, the Amended Final Judgment, entered on March 12, 2021, in the Circuit Court of the First Circuit, is vacated to the extent it dismissed Plaintiff-Appellant Anita Mato's claims asserted on her own behalf, and affirmed in all other respects. The case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, August 22, 2024.


On the briefs:

John Rapp
for Plaintiff-Appellant.

Blake T. Okimoto
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

**CONCURRING AND DISSENTING OPINION BY GUIDRY, J.**

I concur with the majority's conclusion that the circuit court did not abuse its discretion "in determining that the law of the case doctrine did not preclude it from revisiting Judge Kawashima's denial of the First MSJ." I further concur with the majority's rejection of "Anita's contention that she should be permitted to assert the claims of Kade and Kyra, as their representative, under a third-party standing theory." I respectfully disagree, however, with the majority's conclusion that "Anita raised at least a genuine issue of material fact that she suffered a legally cognizable injury sufficient for standing to bring her fraud-based claims on her own behalf against Tyler."

I would conclude, on this record, that the circuit court did not err in granting summary judgment against Mato with regard to her fraud-based claims. "In general, standing is a prudential concern regarding whether the party seeking a forum has alleged a sufficient personal stake in the outcome of a controversy as to justify the exercise of the court's remedial powers on the party's behalf." Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 188, 439 P.3d 127, 140 (2019).

A claim for fraud,

> as for other torts, requires proof of duty, breach of duty, causation, and damages. Specifically, to establish a fraud claim based on a failure to disclose a material fact, there must be (1) a representation of a material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) upon which the other party relies and acts to his or her damage.

Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 298, 172 P.3d 1021, 1042 (2007) (cleaned up).

In order to maintain a claim for relief grounded in fraud, "the plaintiff must have suffered *substantial actual*

*damage, not nominal or speculative.*"[1]  Zanakis-Pico v. Cutter Dodge, Inc., 98 Hawaiʻi 309, 320, 47 P.3d 1222, 1233 (2002) (citation omitted, emphasis in original).  The measure of pecuniary damages to plaintiff is generally confined to either "out-of-pocket" loss or the "benefit of the bargain."  Id.  "[T]he Hawaiʻi appellate courts have continually held that the desired remedy in fraud cases is to restore the victim to the position he would have occupied but for the misrepresentation."  Exotics Hawaii-Kona, 116 Hawaiʻi at 291, 172 P.3d at 1035 (cleaned up).

The summary judgment record reflects that Kurita satisfied his initial burden of production, through his declaration and exhibits, that Mato had no personal claim to or personal stake in the Trust moneys, such that she herself suffered a pecuniary loss.[2]  Ralston v. Yim, 129 Hawaiʻi 46, 60, 292 P.3d 1276, 1290 (2013) ("a summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial").

---

[1]     Because a plaintiff is not entitled to recover nominal damages on a fraud claim, punitive damages must be supported by an award of compensatory damages.  Lima v. Deutsche Bank Nat'l Trust Co., 149 Hawaiʻi 457, 465, 494 P.3d 1190, 1198 (2021) ("punitive damages generally must be supported by an award of nominal or compensatory damages").

[2]     Mato's alleged injury was the reduction in Kurita's child support from the original $1,500 a month per child, to $450 a month per child.  Child support is for the benefit of the children, and not for the personal benefit of the parent to whom the child support payments are remitted.  See, e.g., HRS § 576D-3 (2018) (setting forth CSEA's authority to "undertake any legal or administrative action to secure support for a child"); United States v. Dann, 652 F.3d 1160, 1179 (9th Cir. 2011) ("As a general rule, a parent's obligation to pay child support runs to the child, rather than to the other parent, and the parent, to whom such support is paid, is but a mere conduit for the disbursement of that support.") (cleaned up).

The burden then shifted to Mato, and, in my view, Mato did not meet her burden of establishing that there is a genuine question of material fact for trial. Id. at 56-57, 292 P.3d at 1286-87 ("Only when the moving party satisfies its initial burden of production does the burden shift to the nonmoving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.") (citation omitted). Although Mato contends that she "would have asked for more child support" from Kurita, were it not for Kurita's allegedly "fraudulent" representation that he was establishing the irrevocable trust for Kade and Kyra, any additional child support moneys would have been for Kade and Kyra's benefit, rather than for Mato's personal benefit.

For the foregoing reasons, I would respectfully affirm the circuit court's Amended Judgment.

/s/ Kimberly T. Guidry
Associate Judge